Filed 8/11/23  Marriage of Hed CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of JAMES M. and JUANA AVILA HED. | |
| JAMES M. HED, | G061653 |
| Respondent, | (Super. Ct. No. 17D004364) |
| v. | O P I N I O N |
| JUANA AVILA HED, | |
| Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Sandy N. Leal, Judge.  Affirmed.  Motion to augment record granted.

Juana Avila Hed, in pro. per., for Appellant.

No appearance for Respondent.

Juana Avila Hed appeals from a judgment entered in her marital dissolution case dividing community property between her and James M. Hed.[1] Juana contends the judgment should be reversed due to various factual issues, including the bases for how community property assets were divided. Given the insufficiency of the appellate record, we affirm the judgment.

FACTS

I. *The Judgment*

Juana challenges the trial court's judgment entered on June 3, 2022, in the underlying marital dissolution matter. From what can be discerned in the appellate record presented, the judgment was rendered after both parties presented testimony and other evidence to the court over the course of multiple days, to resolve their disputes on a myriad of issues regarding their respective rights and obligations affected by the finalization of their divorce.

The judgment stated the couple had been married for three years eight months and had no children together. It resolved issues involving spousal support, property division, and attorney fees. On the first issue, the trial court decreed no support was owed by either party. On the second issue, the judgment decreed which party owned what property, covering various items such as real property, vehicles, and financial accounts. Juana was ordered to make an equalization payment and reimbursement payments to James totaling $156,371 as well as to pay to James $1,311 for attorney fees "incurred as a result of the delays of trial caused by J[uana]."

II. *Appellate Briefing*

Juana contends the judgment should be reversed because the trial court arrived at incorrect factual determinations on various matters. For example, without citation to the appellate record, her appellate briefing quotes a court ruling that contained

_____

[1] Because they share a surname, we refer to the parties by their first names for clarity; no disrespect is intended.

2

the following findings: "Since November 14, 2019, to date, [Juana] has not received spousal support but has been able support herself without financial support from [James]. Based on [Juana]'s testimony and her Income and Expense Declaration, [Juana] does not need spousal support. She receives rental income, is able to receive Social Security benefits and access her retirement plans."

Juana asserts the following about the ruling: "That is incorrect and it was clarified during the hearing [Juana] made an error on that declaration. She owes money to friends to support herself. And the rental is not making any money. [Juana] was forced to do Forbearances on the rental property $29,767.72 now second principal balance which will have to be paid as a balloon payment at the end. The same to the line of credit $10,405.60 when balance is pay because of [James] not paying spousal Support. [Juana] credit score was 850 now is 670 because of [James]. After [Juana] help repair [James'] credit after his bankruptcy."

None of Juana's assertions are accompanied by a citation to the record. Also critical to this appeal, despite a motion by Juana to augment the appellate record, no reporter's transcript of any of the trial court proceedings where testimony was heard has been provided. Although we grant Juana's motion, a review of the exhibits does not change the result of this appeal because of the lack of reporter's transcripts.

## DISCUSSION

Juana contends the evidence compelled a different judgment than the one issued by the trial court. When an appeal challenges a trier of fact's resolution of factual questions, the substantial evidence standard of review requires an appellate court to review the record, draw any reasonable inferences in a light most favorable to the judgment, and uphold the judgment where the record contains substantial evidence to support it. (*US Ecology, Inc. v. State of California* (2005) 129 Cal.App.4th 887, 908.) In performing this analysis, an appellate court accepts a trier of fact's resolution of conflicting inferences. (*In re Providian Credit Card Cases* (2002) 96 Cal.App.4th 292,

3

301.)  It also defers to the trier of fact regarding witness credibility (*Lenk v. Total-Western, Inc.* (2001) 89 Cal.App.4th 959, 968), and does not reweigh the evidence (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 630-631).  Indeed, a judgment supported by substantial evidence must be affirmed even if substantial evidence to the contrary also exists.  (*Ibid.*)

Additionally, an appeal of a judgment is generally subject "'to three fundamental principles of appellate review:  (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error.' [Citation.]"  (*Acquire II, Ltd. v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959, 970.)  Naturally, an appellant also bears a burden to provide an adequate record for appellate review.  (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.)  This includes supporting claims with specific citations to the record.  (Cal. Rules of Court, rule 8.204(a)(1)(C); *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)  This burden applies equally to appellants who represent themselves as well as those represented by counsel.  (*Rappleyea  v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

A standard rule of appellate review is implicated by the record presented by Juana:  if no reporter's transcript is provided and no error is apparent on the face of the record, an appellate court will conclusively presume the trial court's findings were supported by the evidence.  (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)  We discern no error on the face of the record.  For example, we see no facial error regarding Juana's assertions about how much time Juana was provided to present her evidence. Similarly, we see nothing in the record indicating the trial court based its ruling on an improper factual determination.  For example, Juana contends in her appellate briefing that her "date of separation" from James should have been determined as May 22, 2017, instead of the date the court determined:  August 31, 2016.  The court's decision rested on a credibility determination that we cannot cross-reference through a transcript.  In sum, we

4

presume that unreported oral proceedings would have demonstrated an absence of error and that the court's findings are supported by substantial evidence. (*Ibid.*)

## DISPOSITION

The judgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOTOIKE, J.